## NANCY POND *vs.* NATHANIEL JOHNSON.

A demand of dower in land held by two persons in severalty will not support an action against either for dower in his part of the land.

WRIT OF DOWER. Trial before *Merrick*, J., who took a verdict for the demandant, subject to the opinion of the whole court upon the question whether a sufficient demand had been made.

The demand relied on was the service by a deputy sheriff, by authority of the demandant, by delivering to Nathaniel Johnson and Sylvester Phipps a written demand signed by the demandant, and addressed to both of them, to set out and assign dower to her, as widow of Jeremiah Pond, in certain land described by metes and bounds according to a certain deed thereof from Pond, and also as " now bounded as follows, to wit," (being a different description, except on the south,) " on the southerly side by said county road, on the easterly side by land of Adelia M. Lamb, on the northerly side by land of said Johnson and land of one Michael Ward, the westerly boundary being in and through the land of said Phipps, the land of said Phipps being next adjoining the land of said Johnson."

It appeared that the land described in this demand was owned partly by the tenant, and partly by Phipps, in severalty. And

the tenant objected to the sufficiency of the demand, on that ground, and because it was made by a stranger.

*C. R. Train,* for the tenant, cited Stearns on Real Actions, 305; *Newton* v. *Cook,* 4 Gray, 46; *Burbank* v. *Day,* 12 Met. 557.

*B. F. Butler,* for the demandant, cited *Alvord* v. *Collin,* 20 Pick. 418; *Atwood* v. *Atwood,* 22 Pick. 283; *Page* v. *Page,* 6 Cush. 196; *Burbank* v. *Day,* 12 Met. 557; *Baker* v. *Baker,* 4 Greenl. 67.

DEWEY, J. The demand of dower in the present case was insufficient, it being a demand upon two persons who owned in severalty the land described, and the demand embracing the entire tract thus owned by the two persons. If such demand thus made on two persons, having distinct interests in distinct parcels, was a good demand, it would be equally so if it had included ten, or even an hundred, adjacent owners of distinct parcels. In such cases, the actions must be distinct and the demands should also be several, requiring of each to assign dower to the widow in land of which he was tenant of the freehold. Stearns on Real Actions, 305. *Fosdick* v. *Goodwin,* 1 Greenl. 30.

The second description of the land does not remove the objection, as it is still a demand upon both for dower in the whole land, and for the further reason that the description is too loose and uncertain as a description of the separate parcels owned by each.

No sufficient demand having been made upon the tenant to assign dower, this action cannot be maintained, and the verdict for the plaintiff must be set aside for that cause. It becomes unnecessary to express any opinion as to the sufficiency of the service of the notice by leaving a copy by an officer.

*New trial ordered.*